**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**JAMES HENRY NEWCOMB, JR.,**

    Plaintiff,

        v.                         **Civil Action No. 2:14-CV-76**
                                       **The Honorable John Preston Bailey**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 16]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R & R"). Magistrate Judge Seibert entered his R & R on April 2, 2015, wherein he recommends that the Defendant's Motion for Summary Judgment be granted, and Plaintiff's Motion for Summary Judgment be denied. The plaintiff timely filed Objections to the R & R [Doc. 17] to which the defendant filed a response [Doc. 18]. For the reasons set forth below, this Court adopts Magistrate Judge Seibert's R & R.

## I. BACKGROUND

Plaintiff, James Newcomb, Jr., filed an application for Title II Disability Insurance Benefits on November 29, 2011. R. 11 [Doc. 7-2]. His claim was first denied on March 5, 2012 and again upon reconsideration on April 24, 2012. *Id.* Mr. Newcomb then requested

1

and received a hearing before United States Administrative Law Judge Maria Nunez, [hereinafter "ALJ"]. On January 30, 2014 the ALJ issued a written decision finding that Mr. Newcomb was not disabled from September 20, 2009, through the date last insured on March 31, 2011.

The plaintiff then sought review in this Court. [Doc. 1]. United States Magistrate Judge James E. Seibert submitted his R & R. [Doc. 16]. The R & R provides a detailed discussion regarding the plaintiff's medical history. Therefore, the undersigned will dispense with the same. Rather, the undersigned will reference the pertinent records when applicable.

## II. STANDARD OF REVIEW

When reviewing a Magistrate Judge's proposed findings of fact and recommendations, this Court must make a "*de novo* determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (West 2014).

Although this Court will review the Magistrate Judge's R & R under a *de novo* standard of review, this Court's review of the underlying ALJ's decision is limited. *See* **Smith v. Schweiker**, 795 F.2d 343, 345 (4th Cir. 1986). Pursuant to 42 U.S.C. § 405(g) (West 2014), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The standard for the substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." **Richardson v. Perales**, 402 U.S.

389, 401 (1971) (citation omitted). When analyzing whether the ALJ's decision was supported by substantial evidence, this Court must determine whether the ALJ "consider[ed] all relevant evidence." *Sterling Smokeless Coal Co. v. Akers,* 131 F.3d 438, 339 (4th Cir. 1997). With these standards in mind, this Court will turn to the objection raised by the plaintiff.

### III. DISCUSSION

Mr. Newcomb argues that the ALJ's Residual Functional Capacity ("RFC") finding was not supported by substantial evidence because the ALJ failed to perform a function-by-function analysis. Specifically, Mr. Newcomb argues that the ALJ failed to address his sit/stand restrictions. This, in turn, resulted in the ALJ posing hypothetical questions to the Vocational Expert ("VE") that were inadequate and incomplete. [Doc. 17, at 2].

In the present case, at step two, the ALJ determined that Mr. Newcomb suffered from the following severe impairments: "vertigo and fatigue as residuals of a brain aneurysm, obesity, degenerative joint disease/arthritis, personality disorder . . . and mood disorder . . .." R. 13 [Doc. 7-2, at 14]. At step three, the ALJ found that none of these severe impairments matched a listed impairment. Therefore, the ALJ moved to step four which required the ALJ to assess Mr. Newcomb's RFC.

The RFC is the "most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545. When assessing an individual's RFC, the ALJ is directed to use all relevant medical and other evidence. *See id.* This includes evidence from medical examinations, opinions from medical sources, and descriptions and statements from the applicant regarding the applicant's abilities. *See id.* When considering the claimant's

3

statements regarding his pain or other symptoms, the ALJ is directed to make a credibility determination. *See id.* § 404.1529 (discussing the factors the ALJ is to consider when assessing pain and other symptoms).

Mr. Newcomb objects to the ALJ's finding regarding Mr. Newcomb's ability to stand and/or walk. Therefore, this Court will limit its discussion of the record to this issue. In the present case, the ALJ discussed the plaintiff's musculoskeletal pain and functional limitations in detail. Most of the evidence regarding Mr. Newcomb's limited ability to stand and walk were his own statements. R.16–18 [Doc. 7-2, at 16–18]. The ALJ compared Mr. Newcomb's hearing testimony with his own previously written statements, which is a permissible credibility determination. *See* SSR 96-7p (July 2, 1996), 1996 WL 374186.

At the hearing, Mr. Newcomb testified that his back pain intensified the longer he stood. The ALJ asked Mr. Newcomb: "How long at that time, and I'm talking about between 2009, and March, 2011, were you able to stand before you needed to sit?" Mr. Newcomb answered "[p]robably about half an hour, or less, between 20 minutes and half a half an hour, I'd have to sit down." R. 16, 42 [Doc. 7-2, at 43].

In addition to the hearing testimony, the ALJ considered statements that Mr. Newcomb made closer to the date he was last insured. For instance, on February 4, 2012, Mr. Newcomb completed a Function Report wherein he described his daily activities, which include cooking, cleaning, and mowing the lawn. R. 18 [Doc. 7-2, at 19]. Mr. Newcomb also indicated that he could walk for ten to twelve blocks on level ground. *Id.* Based on this report and statements that Mr. Newcomb made to medical providers, the ALJ found that he could perform light work with additional restrictions, including that he would need to alternate between sitting and standing every half an hour.

Based on the record, the ALJ determined Mr. Newcomb had the residual functional capacity to perform a limited range of light work.[1] Specifically, the ALJ found that:

> the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he must be able to alternate between sitting and standing in place every one-half hours, he can occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl, he can never climb ropes, ladders, or scaffolds or be exposed to hazards including machinery and heights, he must avoid concentrated exposure to fumes, odors, dust, and gasses, and other pulmonary irritants, he is capable of performing unskilled (SVP2) work with no interaction with the public and no more occasional interaction with co-workers and supervisors.

Mr. Newcomb argues that this RFC was inadequate because "the ALJ did not specify how long Newcomb could sit and stand, total, in an eight-hour day, and in that the ALJ did not address how much walking Newcomb could do either at one time or in total." Plf's Obj. to R & R 2 [Doc. 17]. Mr. Newcomb asserts that the ALJ's failure to make these specific findings warrants remand because the ALJ did not perform a function-by-function analysis.

As proscribed by SSR 96-8p, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Fourth Circuit recently held that "[r]emand may be appropriate . . . where an ALJ fails to assess

---

[1] Light work is defined as:

[l]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. SSR 83-10.

5

a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)(quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)(per curiam)).

In *Mascio*, the Fourth Circuit remanded an ALJ's decision for failing to perform a function-by-function analysis. *Id.* at 636. The *Mascio* Court held remand was necessary, in part, because the ALJ failed to indicate the weight given to two residual functional capacity assessments which contained relevant conflicting evidence regarding the claimant's weight lifting abilities. *Id.* at 637.

Unlike *Mascio*, Mr. Newcomb does not assert that the ALJ failed to consider conflicting medical evidence. Further, this Court is "not left to guess about how the ALJ arrived at his conclusions" because the ALJ's findings reflect Mr. Newcomb's hearing testimony and previous statements about his own abilities. *Id.*

After the ALJ determines the RFC, the ALJ must ascertain whether, given the claimant's limitations, the claimant can "perform other work that 'exists in significant numbers in the national economy.'" *Id.* at 637 (quoting 20 C.F.R. § 416.920). As explained in SSR 83-12, when the claimant must alternate between sitting and standing, the ALJ should consult with a VE. See *Martin Barnhart*, 240 Fed. Appx. 941, 946 (3d Cir. 2007) ("SSR 83-12 does not automatically dictate a finding of disability where an individual is limited by a sit/stand option. Rather, SSR 83-12 indicates that a VE should be consulted. . . .."). Here, the ALJ included the sitting restriction in her hypothetical to the VE. The ALJ asked the VE, in part:

6

> For the second hypothetical question I'd like you to further consider the following. The individual is occasionally able to lift and or carry including upward pulling of 20 pounds, and frequently lift and or carry including upward pulling 10 pounds. The individual is able to sit for six of eight hours and stand and or walk for six of eight hours but would need to be able to alternate between sitting and standing in place every half hour . . . The individual would be capable of performing unskilled work or work with an SVP of no more than two, in a non-production oriented setting . . ..

R. 59 [Doc. 7-2, at 60]. The VE responded that the individual would not be able to do any of the plaintiff's past work, but the individual would be able to perform the jobs of an office helper, mail clerk, and garment sorter. R. 60 [Doc. 7-2, at 61].

The ALJ's determination that Mr. Newcomb "would need to be able to alternate between sitting and standing in place every half hour" is supported by the VE's testimony. Further, any ambiguity in the ALJ's question to the VE was resolved with the VE's testimony. When questioned by plaintiff's counsel, the VE testified that the positions of office helper and mail clerk "would be about 50/50" between sedentary and light work. This testimony is consistent with the ALJ's finding that Mr. Newcomb would need to alternate between sitting and standing every thirty minutes.

The ALJ's decision shows that she considered the extent of the plaintiff's ability to stand and walk during a workday before she concluded that the plaintiff could perform a limited range of light work. Accordingly, this Court finds that the ALJ's decision was supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, this Court is of the opinion that Magistrate Judge Seibert's Report and Recommendations **[Doc. 16]** should be and is **ADOPTED**. Further, the Plaintiff's Objections **[Doc. 17]** are **OVERRULED**. Therefore, the Defendant's Motion

for Summary Judgment **[Doc. 13]** is **GRANTED** and the Plaintiff's Motion for Summary Judgment **[Doc. 11]** is **DENIED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES** the plaintiff's Complaint [Doc. 1] and **ORDERS** the this matter be **STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: April 29, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE